Day, J.
The questions to be considered in this ease are raised by demurrer to the answer. The action was brought to recover for the breach of an administrator’s bond, in not paying over to the plaintiff’ below the amount she claimed to be her distributive share of the estate of the intestate, remaining in the administrator’s hands after the final settlement of his account.
The plaintiff below averred, in her petition, that she was the widow of the intestate, and as such was one of the distributees of the estate, and entitled to recover one-half of four hundred dollars and one-third of the balance of the amount remaining in the administrator’s hands.
The defendants below averred, in their answer to the petition, that the personal property of the intestate was insufficient to pay the debts due from his estate; that after paying out all the personal assets, the administrator sold, by order of the court, real estate left by the deceased, for the purpose of paying the remaining debts of the decedent’s estate, and that there remained in his hands, after the final settlement of his account, of the proceeds of the sale *89 of the real estate, the sum of $648.23, which was ordered by the Probate Court to be distributed according to law.
Was this answer a sufficient defense to the claim made in the petition ? To answer this question, we must ascertain who arc entitled, “according to law,” to the surplus of the proceeds of the sale of the real estate remaining in the hands of the administrator on the final settlement of his account.
Section 155 of the “ act to provide for the settlement of estates of deceased persons,” provides that “in all cases of sale by an executor or administrator .... of real estate of the deceased, under an order of court, . . . the surplus of the proceeds of the sale, remaining on the final settlement of the account, shall be considered as real estate, and shall be disposed of accordingly.”
From the facts stated in the answer, admitted by the demurrer to be true, it is clear that the money, claimed in the petition, is required by the statute to be “ considered as real estate,” and is to be “ disposed of accordingly.”
Regarding this surplus fund in the hands of the administrator as real estate, was the plaintiff below entitled to recover upon the ease made in the pleadings ? If not, the judgment rendered in her favor was erroneous.
Her right to recover is based solely on the ground that she was the widow of the deceased. The statutes in force at the time of his decease (1851) gave her no right to this surplus, considered as real estate, unless there was a failure of kin of the intestate, of which there is no pretense in the petition. On the contrary, she only claims in her petition to be one of the distributees of the fund; and it is noticeable that she bases her claim upon the statute relating to the widow’s distributive share of the personal estate of the deceased.
The only interest she had in the real estate of the deceased was that of dower, and she makes no claim in her petition based on that right. For aught that appears, her dower had been assigned, or the land may have been sold subject to her dower.
*90 The ease made in the petition is framed entirely upon the idea that th'e surplus, arising from the sale of real estate, is a part of the personal estate of the intestate; whereas, the statute declares that it “shall be considered as real estate, and shall be disposed of accordingly.”
The petition, in the light of the facts stated in the answer, fails to show that the plaintiff was entitled, in any capacity, to any portion of the surplus of the proceeds of the real estate in the hands of the administrator; therefore, no breach of the bond is shown in not paying to the plaintiff a part of the fund.
It follows that the Court of Common Pleas erred in sustaining the demurrer to the answer, and in rendering judgment for the plaintiff in the action. The District Coui't therefore erred in affirming the judgment of the Common Pleas. Both judgments must be reversed, the demurrer to the answer overruled, and the cause remanded to the Common Pleas for further proceedings.
This disposes of the case without deciding the question, whether a refusal to pay the fund in the administrator’s hands to the parties entitled to receive it, would be a breach of the bond on which the action is brought. It is not only unnecessary to consider the question in this case as it now stands, but it would be of questionable’propriety, since the parties interested in sustaining the affirmative of the proposition are not before the court.